IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| BONNIE HEATHER MILLER, and LEAGUE OF WOMEN VOTERS OF ARKANSAS,<br><br>*Plaintiffs,*<br><br>v.<br><br>JOHN THURSTON, in his official capacity as Secretary of State of Arkansas,<br><br>*Defendant.* | Case No. 5:20-cv-05163-TLB<br><br>Hon. Timothy L. Brooks |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO EXPEDITE BRIEFING ON THEIR MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Expedite Briefing on their Motion for Preliminary Injunction. If Plaintiffs' are to qualify for the November 3, 2020 ballot, under the current rules, they have only 17 days to finalize the question of whether the false statement requirement of Ark. Code Ann. § 7-9-601(b)(3) is unconstitutional as applied to Plaintiffs, and the approximately 150,000 signatures can proceed to verification with the Defendant.

Arkansas statutes recognize the need for expedited review of ballot petitions by the Supreme Court and directs it to "make every effort to reach a decision in advance of the election at which the proposed measure would be considered." Ark. Code. Ann. § 7-9-112. Similarly, when ballot access deadlines are imminent, federal courts routinely grant motions to expedite so that matters can be resolved in advance of filing deadlines. *See Bergland v. Harris*, 767 F.2d 1551, 1555 (11th Cir. 1985) (granting motion to expedite hearing and consideration of the case),

*Erard v. Johnson*, 905 F. Supp. 2d 782, 788 (E.D. Mich. 2012) (granting motion to expedite briefing), *Poindexter v. Strach*, 324 F. Supp. 3d 625, 627 (E.D.N.C. 2018) (granting motion to expedite consideration of a preliminary injunction), *Wood v. Quinn*, 104 F. Supp. 2d 611, 617 (E.D. Va.), *aff'd*, 230 F.3d 1356 (4th Cir. 2000) (granting expedite motion for summary judgment).

Plaintiffs filed their Complaint, Motion for Preliminary Injunction, and Brief in Support of the Motion for Preliminary Injunction in this matter on September 2, 2020. ECF Nos. 3-4. The regular briefing schedule for a motion in this Court would allow defendants fourteen days to file their Opposition and then Plaintiffs a further seven days to file their response. L.R. 7.2. If this schedule is followed, the briefing on the Motion for Preliminary Injunction will not be complete until September 23, 2020, four days after the federally required deadline for the sending of ballots under the 52 U.S.C. § 20302(a)(8).

If this Court does not act before September 19, 2020, the Defendant may remove the CRC Petition and the OPA Petition from the ballots, in violation of Plaintiffs' First and Fourteenth Amendment rights.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion to Expedite Briefing on the Preliminary Injunction Motion, in accordance with the dates requested, or at such time as this Court deems proper.

Date:   September 2, 2020

Respectfully submitted,

| | |
|---|---|
| David A. Couch<br>DAVID A. COUCH, PLLC<br>1501 North University Ave<br>Suite 228<br>Little Rock, AR 72207 | /s/ Ruth M. Greenwood<br>Ruth Greenwood*<br>CAMPAIGN LEGAL CENTER<br>125 Cambridgepark Drive<br>Cambridge, MA 02140 |

(501) 661-1300  
arhog@icloud.com

rgreenwood@campaignlegal.org  
(202) 560-0590

Christopher Lamar*  
CAMPAIGN LEGAL CENTER  
1101 14th Street NW, Suite 400  
Washington, DC 20005  
(202) 736-2200  
rweiner@campaignlegal.org  
mgaber@campaignlega.org  
clamar@campaignlegal.org

* *Pro hac vice* admission forthcoming